IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2026 APR 20 P 3: 24

| | |
|---|---|
| REGINALD HALL,<br><br>   Plaintiff,<br><br>v.<br><br>TYSHAWN SHEPARD, in his/her individual capacity<br><br>FREDY MARTINEZ, in his/her individual capacity<br>BECKY MOBLEY in his/her individual capacity;<br>EVETTE DANIELS, in his/her individual capacity;<br>JESSICA VENTIERE, in his/her individual capacity;<br>KATIE LANGER, in his/her individual capacity;<br>STEVE MARSHALL, in his/her individual capacity; and<br>JOHN DOES 1–5, in his/her individual capacity,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.<br>     3:26-cv-00277-BL-KFP |

## COMPLAINT (JURY TRIAL DEMANDED

Plaintiff Reginald Hall, proceeding pro se, alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's related state-law claims because those claims form part of the same case or controversy.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in Lee County, Alabama, within the Middle District of Alabama.

4. This is a civil-rights action seeking damages and declaratory relief for violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## II. PARTIES

5. Plaintiff Reginald Hall is an adult citizen of the United States and a resident of Alabama.

SCANNED<br>

6. Defendant Tyshawn Shepard was, at all relevant times, a law-enforcement officer acting under color of state law.

7. Defendant Fredy Martinez was, at all relevant times, a law-enforcement officer acting under color of state law.

8. Defendant Becky Mobley was, at all relevant times, an employee of the Lee County District Attorney's Office acting under color of state law.

9. Defendant Evette Daniels was, at all relevant times, an employee of the Lee County District Attorney's Office acting under color of state law.

10. Defendant Jessica Ventiere, upon information and belief, was, at all relevant times, the District Attorney for Lee County, Alabama, acting under color of state law.

11. Defendant Katie Langer was, at all relevant times, a prosecutor acting under color of state law after the purported recusal of the Lee County District Attorney's Office.

12. Defendant Steve Marshall was, at all relevant times, the Attorney General of Alabama, acting under color of state law.

13. Defendants John Does 1 through 5 are persons whose identities are presently unknown, but who participated in the arrest, detention, charging, processing, supervision, and/or prosecution of Plaintiff while acting under color of state law.

14. All Defendants are sued in their individual capacities.

15. At all relevant times, each Defendant acted under color of state law.

16. Each Defendant is liable only for his or her own misconduct.

## III. DEFENDANT-SPECIFIC ALLEGATIONS

17. Defendant Becky Mobley initiated the chain of events that led to Plaintiff's arrest by asserting that Plaintiff was barred from the building without documentation, lawful authority, written notice, or court order, and by communicating that assertion to law enforcement.

18. Defendant Evette Daniels attempted to enforce a recording restriction without producing any governing policy, law, or rule, and contributed to the escalation of the encounter by asserting authority without lawful basis.

19. Defendant Tyshawn Shepard personally effected the seizure of Plaintiff and made the decision to arrest Plaintiff without first identifying any lawful basis or probable cause.

2

20. Defendant Fredy Martinez actively participated in the arrest by asserting unsupported criminal violations, including trespass and disorderly conduct, and his assertions formed part of the asserted basis for the arrest.

21. Upon information and belief, Defendant Jessica issued or authorized the directive restricting Plaintiff's access to the building, which directive lacked lawful basis and was relied upon by staff and law enforcement.

22. After being notified of the incident and provided video evidence of the incident, Defendant Jessica Ventiere failed to take corrective action, failed to investigate, and failed to intervene, thereby ratifying the unconstitutional conduct.

23. Defendant Katie Langer engaged in investigative and administrative conduct by evaluating evidence, relying on false factual assertions, failing to verify probable cause, continuing prosecution despite known contradictions, and failing to produce documentation establishing lawful authority to act as attorney of record.

24. Defendant Katie Langer affirmatively represented that her authority to prosecute Plaintiff derived from the Alabama Attorney General.

25. This representation was a specific factual assertion of official authority, not merely legal advocacy or opinion.

26. Plaintiff requested documentation establishing the source and legality of Defendant Katie Langer's authority.

27. No written appointment, order of substitution, formal designation, or Attorney General authorization was produced to Plaintiff.

28. Defendant Steve Marshall, as Attorney General, either authorized the appointment or exercise of prosecutorial authority in Plaintiff's case without ensuring lawful documentation and compliance, or failed to authorize any lawful appointment while allowing prosecution to proceed under an asserted claim of Attorney General authority.

29. In either event, the prosecution of Plaintiff proceeded without demonstrated lawful authority.

30. Defendants John Does 1 through 5 were directly involved in the arrest, detention, processing, supervision, and/or decision-making related to Plaintiff's prosecution.

31. Each Defendant personally participated in the conduct described herein or knowingly acquiesced in it.

32. Each Defendant's conduct was a substantial factor in bringing about Plaintiff's injuries.

3

33. Defendants' actions were the direct and proximate cause of Plaintiff's injuries, and but for Defendants' conduct, Plaintiff would not have been arrested, detained, prosecuted, forced to incur costs, or subjected to the harms alleged herein.

## IV. NATURE OF THE ACTION

34. This case arises from a coordinated misuse of state authority resulting in Plaintiff's unlawful arrest, detention, and prosecution without probable cause.

35. Defendants engaged in ministerial failures, fabricated or relied upon false statements, concealed material facts, and proceeded without lawful justification.

36. The criminal case against Plaintiff terminated in Plaintiff's favor when a grand jury returned a NO BILL.

## V. FACTUAL ALLEGATIONS

37. On October 6, 2023, Plaintiff entered a public District Attorney's Office in Lee County, Alabama, seeking assistance.

38. Plaintiff was calm, cooperative, and lawfully present.

39. Defendant Evette Daniels instructed Plaintiff to stop recording.

40. Plaintiff requested the governing policy, law, or rule authorizing such restriction.

41. No policy, law, or rule was produced.

42. Defendants had a ministerial duty to identify and apply lawful authority before enforcing restrictions against Plaintiff.

43. Defendants failed to perform that duty.

44. Defendant Becky Mobley stated that Plaintiff was not allowed in the building.

45. No written notice, court order, trespass warning, or lawful exclusion was produced to support that assertion.

46. Defendants Tyshawn Shepard and Fredy Martinez ordered Plaintiff to leave.

47. Plaintiff repeatedly requested legal justification.

48. No statute, policy, or lawful basis was identified.

49. Defendant Tyshawn Shepard then ordered Plaintiff to submit to arrest.

4

50. No probable cause was articulated before the seizure.

51. Plaintiff did not use force.

52. Plaintiff did not threaten anyone.

53. Plaintiff did not interfere with any governmental function.

54. Plaintiff did not prevent any officer or employee from performing any official duty.

55. Plaintiff did not engage in disorderly conduct.

56. Plaintiff's conduct consisted solely of requesting lawful clarification and questioning asserted authority.

57. Defendants lacked actual probable cause to arrest Plaintiff.

58. Defendants also lacked arguable probable cause because no reasonable officer could conclude that Plaintiff's conduct, as alleged and as shown on video, satisfied the elements of obstruction, trespass, or disorderly conduct.

59. The officer complaint alleged that Plaintiff was loud, disruptive, and obstructing operations.

60. Those statements were materially false.

61. Video evidence of the encounter objectively contradicts Defendants' version of events and shows that Plaintiff was calm, non-threatening, and non-disruptive.

62. Defendants knowingly, or with reckless disregard for the truth, made or relied upon false statements material to probable cause.

63. Defendants failed to disclose or properly account for exculpatory evidence that contradicted the asserted basis for probable cause.

64. A warrant was issued based on false statements and omissions.

65. Without those false statements and omissions, no probable cause existed.

66. Defendant Katie Langer later stated that she was handling the case because the Lee County District Attorney's Office had recused and because, according to her, the Attorney General appoints a different prosecutor's office when recusal occurs.

67. This statement constituted a representation of an existing governmental process and official authority.

68. Plaintiff requested proof of that authority.

5

69. No such proof was produced.

70. No docket entry, order, or other court record was presented to Plaintiff establishing lawful substitution of prosecutorial authority.

71. The court did not resolve or verify the authority issue before allowing the prosecution to proceed.

72. The prosecution advanced despite unresolved questions regarding lawful authority.

73. As a result, Plaintiff was subjected to criminal proceedings initiated and maintained by an individual whose authority was not established.

74. This constituted an unauthorized exercise of prosecutorial power.

75. Plaintiff notified Defendant Jessica Ventiere of what had occurred and provided video evidence of the incident.

76. Despite receiving notice and evidence, Defendant Jessica Ventiere did not take corrective action and did not halt or remediate the unconstitutional conduct.

77. The matter was presented to a grand jury.

78. The grand jury returned a NO BILL.

79. The favorable termination of the criminal matter confirms the lack of probable cause and ended the prosecution in Plaintiff's favor.

80. Plaintiff suffered concrete and particularized injuries including arrest, detention, prosecution, financial loss, emotional distress, humiliation, anxiety, and reputational harm.

81. The factual allegations set forth herein establish the elements of Plaintiff's claims and, when accepted as true, demonstrate that Defendants violated clearly established constitutional rights through intentional, unreasonable, and unjustified conduct.

## VI. CLEARLY ESTABLISHED LAW

82. At all relevant times, it was clearly established that an arrest requires probable cause.

83. At all relevant times, it was clearly established that an officer may not base probable cause on false statements or material omissions.

84. At all relevant times, it was clearly established that individuals may question government authority and request lawful justification without being arrested in retaliation for that speech.

6

85. At all relevant times, it was clearly established that fabrication of evidence violates the Constitution.

86. At all relevant times, it was clearly established that no reasonable official may seize or prosecute a person based on knowingly false or recklessly misleading allegations.

87. At all relevant times, it was clearly established that deprivation of liberty through unauthorized criminal process violates due process.

88. No reasonable official in Defendants' position could believe that the conduct alleged herein was lawful.

## VII. EQUITABLE TOLLING

89. The statute of limitations is equitably tolled due to Defendants' affirmative misconduct, concealment of material facts, and misrepresentation of authority.

90. Defendants concealed or failed to disclose facts necessary for Plaintiff fully to discover the factual and legal basis of his claims, including the asserted basis for probable cause, the role of false statements, exculpatory evidence, and the lawful authority of the prosecuting attorney.

91. Plaintiff exercised due diligence by requesting policy, legal justification, and documentation of prosecutorial authority.

92. But for Defendants' concealment and misrepresentations, Plaintiff would have timely filed this action.

## VIII. CLAIMS FOR RELIEF

### COUNT I
Unlawful Arrest – Fourth Amendment – 42 U.S.C. § 1983
(Against Defendants Tyshawn Shepard and Fredy Martinez)

93. Plaintiff incorporates by reference Paragraphs 1 through 92 as if fully set forth herein.

94. Plaintiff was seized within the meaning of the Fourth Amendment.

95. Defendant Tyshawn Shepard intentionally effected that seizure.

96. Defendant Fredy Martinez contributed to that seizure by asserting unsupported criminal violations that formed part of the asserted basis for the arrest.

97. At the time of the seizure, no probable cause existed because Plaintiff had not committed any crime.

98. Plaintiff's conduct did not satisfy the elements of obstruction, trespass, or disorderly conduct.

7

99. Defendants lacked actual probable cause.

100. Defendants also lacked arguable probable cause.

101. As a direct and proximate result of this unlawful seizure, Plaintiff suffered arrest, loss of liberty, emotional distress, and related damages.

**COUNT II**
Unlawful Detention – Fourth Amendment – 42 U.S.C. § 1983
(Against Defendants Tyshawn Shepard and Fredy Martinez)

102. Plaintiff incorporates by reference Paragraphs 1 through 101 as if fully set forth herein.

103. Plaintiff was detained pursuant to legal process.

104. That detention lacked a valid probable-cause foundation because the warrant and charging basis depended on false statements and omissions.

105. Defendants caused Plaintiff to be detained through invalid legal process.

106. As a direct and proximate result, Plaintiff suffered loss of liberty and resulting damages.

**COUNT III**
First Amendment Retaliation – 42 U.S.C. § 1983
(Against Defendants Tyshawn Shepard and Fredy Martinez)

107. Plaintiff incorporates by reference Paragraphs 1 through 106 as if fully set forth herein.

108. Plaintiff engaged in protected speech by questioning government authority and requesting lawful justification.

109. Defendants were aware of Plaintiff's protected speech.

110. Plaintiff was arrested immediately after engaging in that protected speech.

111. Plaintiff's protected speech was a substantial or motivating factor in Defendants' decision to arrest him.

112. The arrest would deter a person of ordinary firmness from engaging in similar protected speech.

113. As a direct and proximate result, Plaintiff suffered constitutional injury and damages.

**COUNT IV**
Fabrication of Evidence – Fourteenth Amendment – 42 U.S.C. § 1983

8

(Against All Defendants)

114. Plaintiff incorporates by reference Paragraphs 1 through 113 as if fully set forth herein.

115. Defendants knowingly, or with reckless disregard for the truth, created, used, repeated, approved, and/or relied upon false statements.

116. Those false statements were material because they were used to create the appearance of probable cause.

117. Defendants' fabrication and use of false evidence caused Plaintiff's arrest, detention, and prosecution.

118. As a direct and proximate result, Plaintiff was deprived of liberty without due process of law and suffered damages.

## COUNT V
Judicial Deception – Fourth Amendment – 42 U.S.C. § 1983
(Against All Defendants)

119. Plaintiff incorporates by reference Paragraphs 1 through 118 as if fully set forth herein.

120. Defendants submitted, approved, repeated, and/or relied upon false statements and material omissions in connection with obtaining legal process against Plaintiff.

121. Those false statements and omissions were necessary to the finding of probable cause.

122. Without those false statements and omissions, no warrant or valid legal process would have issued.

123. As a direct and proximate result, Plaintiff was unlawfully arrested, detained, and damaged.

## COUNT VI
Malicious Prosecution – Fourth Amendment – 42 U.S.C. § 1983
(Against Defendants Tyshawn Shepard, Fredy Martinez, and Katie Langer)

124. Plaintiff incorporates by reference Paragraphs 1 through 123 as if fully set forth herein.

125. Defendants initiated and/or continued criminal proceedings against Plaintiff.

126. Those proceedings lacked probable cause.

127. Defendants acted maliciously, willfully, and/or for a purpose other than bringing Plaintiff to justice.

128. The proceedings terminated in Plaintiff's favor when the grand jury returned a NO BILL.

9

129. As a direct and proximate result, Plaintiff suffered deprivation of liberty and other damages.

## COUNT VII
Civil Conspiracy – 42 U.S.C. § 1983
(Against All Defendants)

130. Plaintiff incorporates by reference Paragraphs 1 through 129 as if fully set forth herein.

131. Defendants reached an understanding, whether express or tacit, to accomplish unlawful acts or lawful acts by unlawful means.

132. Defendants acted in concert through coordinated assertions, omissions, and reliance on a false narrative to deprive Plaintiff of constitutional rights.

133. An overt act in furtherance of the conspiracy occurred through the restriction, arrest, fabrication, warrant procurement, and prosecution of Plaintiff.

134. As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

## COUNT VIII
Ministerial Liability – 42 U.S.C. § 1983
(Against All Defendants)

135. Plaintiff incorporates by reference Paragraphs 1 through 134 as if fully set forth herein.

136. Defendants had mandatory, non-discretionary duties to identify lawful authority, refrain from making false statements, establish probable cause before arrest, and proceed only on a lawful basis.

137. Those duties were ministerial because they did not permit invention of facts or enforcement without lawful authority.

138. Defendants failed to perform those duties or performed them improperly.

139. As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

## COUNT IX
False Arrest / False Imprisonment – Alabama Law
(Against All Defendants)

140. Plaintiff incorporates by reference Paragraphs 1 through 139 as if fully set forth herein.

141. Defendants intentionally restrained Plaintiff against his will.

10

142. That restraint was unlawful because it was unsupported by probable cause or lawful authority.

143. As a direct and proximate result, Plaintiff suffered arrest, detention, and resulting damages.

**COUNT X**
Abuse of Process – Alabama Law
(Against All Defendants)

144. Plaintiff incorporates by reference Paragraphs 1 through 143 as if fully set forth herein.

145. Defendants used legal process against Plaintiff.

146. Defendants used that process for an improper purpose, including legitimizing or extending an arrest and prosecution that lacked lawful basis.

147. Defendants' misuse of process caused Plaintiff injury and damages.

**COUNT XI**
Failure to Intervene – 42 U.S.C. § 1983
(Against Defendants Fredy Martinez and John Does 1–5)

148. Plaintiff incorporates by reference Paragraphs 1 through 147 as if fully set forth herein.

149. Defendants Fredy Martinez and John Doe Defendants observed, knew of, or had reason to know that Plaintiff's rights were being violated.

150. Those Defendants had a realistic opportunity to intervene and prevent the unlawful arrest, detention, fabrication, and/or continued deprivation of liberty.

151. Those Defendants failed to intervene.

152. As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

**COUNT XII**
Procedural Due Process – Fourteenth Amendment – 42 U.S.C. § 1983
(Against All Defendants)

153. Plaintiff incorporates by reference Paragraphs 1 through 152 as if fully set forth herein.

154. Plaintiff had a liberty interest in remaining free from unsupported criminal process, fabricated accusations, and unauthorized prosecution.

155. Defendants deprived Plaintiff of that liberty interest through false statements, concealment, invalid process, and prosecution without lawful basis.

11

156. Defendants failed to provide fair, lawful, and constitutionally adequate process before depriving Plaintiff of liberty.

157. As a direct and proximate result, Plaintiff suffered deprivation of liberty and damages.

**COUNT XIII**
Denial of Access to Courts – 42 U.S.C. § 1983
(Against All Defendants)

158. Plaintiff incorporates by reference Paragraphs 1 through 157 as if fully set forth herein.

159. Defendants concealed, misrepresented, withheld, and/or failed to disclose facts and materials necessary for Plaintiff fully to understand and pursue his legal claims.

160. Defendants' conduct hindered Plaintiff's ability to discover and pursue legal remedies.

161. Plaintiff suffered actual injury to his right of access to the courts because Defendants' concealment impeded timely and informed pursuit of his claims.

162. As a direct and proximate result, Plaintiff suffered damages.

**COUNT XIV**
Misrepresentation of Official Authority – Fourteenth Amendment – 42 U.S.C. § 1983
(Against Defendant Katie Langer)

163. Plaintiff incorporates by reference Paragraphs 1 through 162 as if fully set forth herein.

164. Defendant Katie Langer made a specific factual representation that her authority to prosecute Plaintiff derived from the Attorney General.

165. That representation was material because it formed part of the basis for the court's acceptance of her authority and Plaintiff's inability effectively to challenge it.

166. Defendant Katie Langer knew, or acted with reckless disregard for whether, such authority existed and was lawfully documented.

167. No documentation or lawful appointment was produced to support that assertion.

168. The prosecution proceeded in reliance on that asserted authority.

169. As a direct and proximate result, Plaintiff was subjected to unauthorized criminal proceedings.

170. This conduct deprived Plaintiff of due process under the Fourteenth Amendment.

**COUNT XV**

12

Unauthorized Exercise of Prosecutorial Authority – Fourteenth Amendment – 42 U.S.C. § 1983
(Against Defendant Katie Langer)

171. Plaintiff incorporates by reference Paragraphs 1 through 170 as if fully set forth herein.

172. Defendant Katie Langer exercised prosecutorial authority over Plaintiff's case.

173. Such authority required lawful appointment, authorization, or other valid legal basis.

174. No lawful authority was demonstrated to Plaintiff.

175. Defendant Katie Langer acted without established legal authority.

176. As a direct and proximate result, Plaintiff was subjected to criminal proceedings initiated and maintained by an unauthorized actor.

177. This deprived Plaintiff of liberty without due process of law.

**COUNT XVI**
Structural Due Process Violation – Fourteenth Amendment – 42 U.S.C. § 1983
(Against Defendants Katie Langer and Steve Marshall)

178. Plaintiff incorporates by reference Paragraphs 1 through 177 as if fully set forth herein.

179. The criminal proceedings against Plaintiff were structurally defective.

180. The defect arose from the absence of a lawfully authorized prosecutor.

181. A valid prosecution requires a duly authorized prosecuting authority.

182. Defendant Katie Langer prosecuted Plaintiff without demonstrated lawful authority.

183. Defendant Steve Marshall either authorized an unlawful appointment or failed to ensure lawful appointment in the presence of recusal while prosecution proceeded under asserted Attorney General authority.

184. As a direct and proximate result, Plaintiff was subjected to an invalid and unconstitutional proceeding.

185. This constituted a structural violation of due process.

**COUNT XVII**
Failure to Ensure Lawful Prosecutorial Authority – Fourteenth Amendment – 42 U.S.C. § 1983
(Against Defendant Steve Marshall)

186. Plaintiff incorporates by reference Paragraphs 1 through 185 as if fully set forth herein.

13

187. Defendant Steve Marshall had a duty to ensure lawful prosecutorial authority where recusal or conflict existed and where Attorney General authority was invoked as the basis for prosecution.

188. Defendant Steve Marshall knew or should have known that prosecution under claimed Attorney General authority required valid authorization, appointment, or designation.

189. Defendant Steve Marshall failed to ensure that such lawful authority was established, documented, and disclosed.

190. Alternatively, Defendant Steve Marshall allowed prosecution to proceed under misrepresented authority.

191. As a direct and proximate result, Plaintiff was subjected to an unauthorized prosecution and resulting deprivation of liberty.

192. This failure deprived Plaintiff of constitutional rights.

## IX. IMMUNITY ALLEGATIONS

193. Defendants are not entitled to qualified immunity because they violated clearly established constitutional rights.

194. Defendants lacked even arguable probable cause.

195. Defendants acted willfully, maliciously, intentionally, and with reckless disregard for Plaintiff's constitutional rights.

196. To the extent any prosecutorial Defendant claims absolute immunity, Plaintiff alleges conduct that was investigative, administrative, and/or outside protected advocacy functions, including evaluation and reliance on false assertions, failure to verify probable cause, factual representations concerning authority, and failure to establish lawful authority to proceed.

## X. DAMAGES

197. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of liberty.

198. As a direct and proximate result of Defendants' conduct, Plaintiff suffered arrest, detention, and the burdens of criminal prosecution.

199. As a direct and proximate result of Defendants' conduct, Plaintiff incurred financial costs, including bond and court-related expenses.

200. As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, anxiety, humiliation, and reputational harm.

14

201. Plaintiff continues to suffer damages resulting from Defendants' conduct.

202. Defendants' conduct was willful, malicious, oppressive, and/or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages where available.

## XI. DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award compensatory damages in an amount to be determined by the jury;

C. Award punitive damages where allowed by law;

D. Award costs and any recoverable fees allowed by law;

E. Enter declaratory relief stating that Defendants violated Plaintiff's constitutional rights;

F. Award pre-judgment and post-judgment interest as allowed by law; and

G. Grant such other and further relief as the Court deems just and proper.

## XII. JURY DEMAND

203. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Reginald Hall
830 North Donahue Drive
Auburn, Alabama, 36832
justiceforkardo@gmail.com
Plaintiff, Pro Se

Phone : 334-721-3938

15