IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-CV-277-BL-KFP |
| | ) | |
| TYSHAWN SHEPARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Reginald Hall filed this case on April 20, 2026. Doc. 1. After reviewing Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court ordered Plaintiff to file an amended complaint on or before July 7, 2026. Doc. 11. In this Order, Plaintiff was "expressly cautioned that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed." Doc. 11 at 10–11. After Plaintiff requested an extension of time to file his amended complaint, Doc. 13, the Court granted this extension and ordered Plaintiff to file the amended complaint by August 6, 2026, Doc. 14. To date, Plaintiff has failed to file an amended complaint, request an extension, or otherwise respond to the Court's Order.

Based on Plaintiff's failure to obey court orders and prosecute this case, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order where litigant has been forewarned is generally not an abuse of discretion). The authority

of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

If a plaintiff fails to comply with a court order, "[a] district court may dismiss [the] action sua sponte under Fed. R. Civ. P. 41(b)." *Goodison v. Wash. Mut. Bank*, 232 F. App'x 922, 922–23 (11th Cir 2007) (per curiam) (*citing Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).[1]

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that on or before **August 27, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

---

[1] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala*., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 13th day of August, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE